UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES WAYNE PERRY, as Administrator
of the ESTATE OF JAMES PERRY, III, deceased                              PLAINTIFF

v.                                                                CIVIL ACTION # 2:07cv134-KS-MTP

CLEAR CHANNEL BROADCASTING,
 Individually and d/b/a WEEZ AM RADIO STATION;
CUMULUS MEDIA, INC.; MIKE COMFORT;
KENNY WINDHAM; FRANK SUMRALL, SR.;
ESTATE OF JAMES KEITH WORRELL, JR.;
SUMMIT TOWER CORPORATION;
PINNACLE TOWER CORPORATION AND
SBA TOWERS, INC. and DEFENDANTS A-F                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This Cause is before the Court on the motion to remand [# 5] filed by the Plaintiff. Because the Defendants have shown that the Plaintiff has no reasonable possibility of recovery under Mississippi law against any of the remaining in-state Defendants, those Defendants are improperly joined, and the motion to remand should be **denied**.

## FACTUAL BACKGROUND

This case originates from a plane in rural southern Mississippi.  The crash occurred when plane struck the guy-wire of a radio tower.  The estate of the pilot has brought suit against the radio station and related entities for negligence in installing the guy-wires that held the station's

1

broadcasting tower in place.[1] The station has counter-claimed against the pilot's estate for negligence.

In late April of 2004, James Perry II took off from Hester-Noble Field in Laurel, Mississippi in his Cessna 172N aircraft. He was accompanied on the flight by two passengers. The plane took off at approximately 4:36 PM. Although no formal flight plan was filed, the aircraft's flight path would take it directly over the WEEZ AM radio tower near Moselle. The radio tower was 680 feet high and supported by numerous guy-wires. For unknown reasons, the aircraft struck one of the tower's guy-wires, causing the aircraft to crash and killing all three souls on board. The crash occurred at 4:42 PM, approximately six minutes after takeoff.

The Plaintiff claims that the crash occurred because the "radio tower was not lighted or not properly lighted and was supported by unmarked and unlit guy wires." Pl.'s Amend. Compl. ¶ 17 (Apr. 23, 2007). The Defendant contends that the accident resulted from the pilot's "failure to maintain clearance and his inadequate visual look-out while maneuvering." Def.'s Ans. at 10 (June 29, 2007).

On April 23, 2007 the administrator for the estate of James Perry II filed suit based on the accident. The Plaintiff's Amended Complaint alleges causes of action against at least 11 different Defendants that it claims were involved in the acts or omissions responsible for the accident. These defendants, and their residency for jurisdictional purposes, include: (1) Clear Channel Broadcasting, Inc. [out-of-state]; (2) WEEZ AM Radio Station [out-of-state]; (3)

---

[1] A guy-wire or guy rope is a tensioned cable designed to add stability to structures (frequently ship masts, radio masts, wind turbines and tents). One end of the cable is attached to the structure, and the other is anchored to the ground at a distance from the structure's base. They are often configured radially (equally spaced about the structure) in trios, quads, or other sets, allowing the tension of each guy-wire to offset the others.

Cumulus Media, Inc. [out-of-state]; (4) Mike Comfort [in-state]; (5) Kenny Windham [in-state]; (6) Frank Sumrall [in-state]; (7) The estate of James Keith Worrell, Jr. [in-state]; (8) Summit Tower Corporation [in-state]; (9) PINNACLE Tower Corporation [in-state]; (10) SBA Tower, Inc. [in-state]; and (11) John Does A-F [unknown].

The Plaintiff has plead at least 24 separate negligent acts and omissions against the Defendants. The Amended Complaint alleges the tower was "owned, operated, erected, installed, manufactured, built, maintained and/or repaired, by the Defendants." Pl.'s Amend. Compl. ¶ 14 (Apr. 23, 2007). Three paragraphs later, the verbs "constructed...designed, [and] serviced" are added to the allegations, followed by "tested, processed, directed,...engineered, inspected, installed,...distributed, sold, and delivered." *Id.* at ¶ 17. The remainder of the Amended Complaint charges the Defendants with "[f]ailing to mark or warn" as well as "assembling...[and] supplying" the subject tower. *Id.* at ¶ 19, ¶ 25. In total, the Plaintiff has alleged at least 24 separate acts or omissions indiscriminately charged against all of the Defendants. No allegation is tailored to any specific Defendant or subset of Defendants, and no factual narrative of the alleged acts or omissions is offered.

On June 29, 2007, three Defendants, SBA Towers, Inc., Cumulus Media, Inc., and Clear Channel Broadcasting, Inc., joined together to effectuate removal to this Court under 28 U.S.C. § 1446(b). They premised removal on diversity jurisdiction, claiming that they were out-of-state residents diverse from the in-state Plaintiff, and that the remaining in-state Defendants were improperly joined. In the alternative, they claimed that 28 U.S.C. § 1331 created jurisdiction

because of the availability of federal questions.[2]

The Plaintiff has now moved this Court to remand the action back to the Circuit Court of Jones County. The Plaintiff alleges that at least four Defendants, including Mike Comfort, Kenny Windham, the estate of James Keith Worrel Jr., and Frank Sumrall, Jr., are residents of the state of Mississippi, and hence federal diversity jurisdiction is unavailable. The Defendant counters that these Defendants are improperly joined, and that their alleged residencies can be disregarded for jurisdictional purposes.

## STANDARD OF REVIEW

The federal removal statute allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2000). Suits arising under federal law are removable without regard to the citizenship of the parties, but all other suits are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b) (2000). To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

A plaintiff cannot defeat federal jurisdiction premised on diversity by improperly joining

---

[2] Because the Court finds that the non-diverse Defendants were improperly joined, and that removal jurisdiction is proper pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, the Court makes no ruling on the possibility of federal question jurisdiction pursuant to 28 U.S.C. § 1331 as an alternative to diversity jurisdiction.

an in-state defendant. *Salazar v. Allstate Texas Lloyd's, Inc.,* 455 F.3d 571, 574 (5th Cir. 2006).[3] A plaintiff improperly joins a non-diverse defendant to defeat federal jurisdiction if: (1) there is actual fraud in pleading jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant. *Campbell v. Stone Ins., Inc.*, 2007 WL 4248211 at *2 (5th Cir. Dec. 5, 2007). For the non-diverse defendant to remain in the suit, the court must find that "there is arguably a reasonable basis for predicting that state law might impose liability" on the in-state resident. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).[4] The Fifth Circuit has clarified that this "must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Id.* (emphasis in original). Courts have repeatedly noted that "the burden of demonstrating improper joinder is a heavy one." *McDonal v. Abbot Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (internal citations omitted).

Unlike a Rule 12(b)(6) inquiry that is limited to the pleadings, a court weighing allegations of an improper joinder may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for their claims. *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003). In *Berry*, the Fifth Circuit explained how the district court can use both standards in tandem to resolve the question of proper joinder. *Berry v. Hardwick*, 152 Fed. Appx. 371, 374 (5th Cir. 2005). First, the district court "may conduct a Rule 12(b)(6)-type analysis" to determine if the plaintiff has stated a claim against the

---

[3] The Fifth Circuit has described "the paradigmatic fraudulent joinder case" as one in which "a plaintiff sues a nominal nondiverse/in-state defendant along with a diverse foreign defendant in an effort to make sure that its claims against the diverse defendant stay in state court." *Salazar v. Allstate Texas Lloyd's, Inc.,* 455 F.3d 571, 574 (5th Cir. 2006).

[4] As this Court has previously held, "[c]onclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined." *Indian Gold, LLC v. Amstar Mortg. Corp.*, 504 F. Supp. 2d 147, 150 (S.D. Miss. 2007).

in-state defendant. *Id*. The court explained that "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. Yet there are a "few" cases where a district court can move to step two and, "in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

When conducting the summary inquiry, the district court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and "resolve all ambiguities of state law in favor of the non-moving party." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 463 (5th Cir. 2003) (citing *Travis*, 326 F.3d at 649). Yet if the court finds that "there is no reasonable basis for predicting that Mississippi state law would allow" the plaintiff to recover against any of the in-state defendants, then they are improperly joined, and their residency can be disregarded for jurisdictional purposes. *Berry*, 152 Fed. Appx. at 374.

### APPLICATION AND ANALYSIS

The Amended Complaint originally named seven in-state residents as Defendants. Pl.'s Amend. Compl. ¶¶ 2-12 (Apr. 23, 2007). Upon moving to remand, the Plaintiff narrowed that list to four. *See* Pl.'s Mot. ¶ 4 ("Plaintiff asserts that the four (4) named Mississippi Defendants are Mike Comfort; Kenny Windham; Frank Sumrall, Sr.; and The Estate of James Keith Worrell, Jr."). Because the other Defendants are now recognized as diverse, the Court will only consider whether there is a reasonable basis for predicting that state law would allow the Plaintiff to recover against any of the four remaining non-diverse Defendants.

**1. Mike Comfort and Kenny Windham**

The Plaintiff has alleged each cause of action against Mike Comfort and Kenny Windham individually, and identified them only as "adult resident[s] of Jones County, Mississippi." Pl.'s Amend. Compl. ¶¶ 5-6 (Apr. 23, 2007). As discussed *supra*, the litany of allegations are lodged against the Defendants *en masse*, and no allegations are made specifically applicable to either Comfort or Windham. The only cognizable fact alleged against both Comfort and Windham is their Mississippi residency. Because neither the alleged facts nor the evidence submitted form a reasonable basis for predicting that the Plaintiff might recover against either Comfort or Windham, they are improperly joined to this lawsuit.

In briefing the motion for remand, the Defendants have submitted affidavits of both Mike Comfort and Kenny Windham as evidence of their improper joinder. *See* Def.'s Exs. C, D (Aug. 17, 2007). The Plaintiff has offered no evidence or additional factual allegations to support their claims against Windham or Comfort in response. Instead, the Plaintiff argues inconsistently that while the Defendants must produce "some proof" to show fraudulent joinder, that evidence the Defendants have submitted "should be disregarded" because "such documents are outside the scope of review for the purposes of Remand." Pl.'s Reb. Br. ¶ 3 (Sep. 10, 2007).

According to his affidavit, Mike Comfort is an employee with Clear Channel Broadcasting, Inc. *See* Def.'s Ex. C (Aug. 17, 2007). He works as the market manager for the Hattiesburg and Laurel radio markets. In his affidavit, Comfort flatly denies any involvement in the radio tower struck by the decedent. He states that he "has no training in tower maintenance" and that his "duties have not and do not include tower maintenance." Def.'s Ex. C at 2 (Aug. 17, 2007). He further states that he has "never been involved in the direct performance of

maintenance activities in connection with the tower." *Id*.

Kenneth E. Windham is also an employee with Clear Channel Broadcasting, Inc. *See* Def.'s Ex. D (Aug. 17, 2007). During the period relevant to the accident, he worked as the regional vice president for the Jackson, Meridian, Tupelo, and Hattiesburg radio markets. Like Comfort, Windham's duties were unrelated to the broadcasting tower destroyed in the crash. Windham makes statements identical to those of Comfort, stating that he "did not build or personally perform any repairs on the tower," nor was he "involved in any way in the day to day maintenance activities in connection with the tower." Def.'s Ex. D at 2 (Aug. 17, 2007).

Based on the uncontested evidence, there is nothing to suggest that either Comfort or Windham had any role in the acts or omissions that resulted in the accident. Outside of identifying Comfort and Windham as Mississippi residents, the Amended Complaint does nothing to factually explain how Comfort or Windham might have been involved in the litany of negligent acts or omissions alleged. Although both Defendants have admitted to working for the company that owned the radio station, the Plaintiffs have offered nothing to suggest that either man could be liable for the accidental death of the decedent.

Based solely on their positions as managers at Clear Channel, this Court cannot find that the Plaintiff has a reasonable possibility of recovery against them. Under Mississippi law, managerial employees are not personally liable for injuries resulting from daily activities for which the employees had no direct contact. *See Griffen v. Dolgen Corp., Inc.*, 143 F. Supp. 2d 670, 671 (S.D. Miss. 2001). When this district applied state law in *Griffen*, it refused to hold the manager of a grocery store liable for a plaintiff's slip-and-fall when the manager had no factual connection to the accident. *Id.* As management employees without any direct ties to the

offending tower, Comfort and Windham are not liable solely because of their management positions.

State agency law also suggests that Windham and Comfort are not liable as managers for the accident. Under Mississippi law, an authorized agent for a disclosed principal cannot be personally liable for the acts of that principal. *See Thames & Co. v. Eicher*, 373 So. 2d 1033, 1035 (Miss. 1979). Without allegations that either Comfort or Windham "directly participated in or authorized the commission of a tort," this Court cannot see a reasonable possibility that the Plaintiff could recover against either. *See Miss. Printing Co. v. Maris, West & Baker, Inc*., 492 So. 2d 977, 978 (Miss. 1986).

The Plaintiff has failed to demonstrate any likelihood of prevailing against either Windham or Comfort individually. The uncontested evidence in the record fails to create a reasonable basis for predicting that the Plaintiff might recover against either individual, and hence they are improperly joined. Their respective residencies as individuals will therefore be disregarded for jurisdictional purposes and the instant motion to remand.

### 2. The estates of James Keith Worrell, Jr. and Frank Sumrall, Sr.

The Plaintiff has alleged each cause of action against the estate of James Keith Worrell, Jr. and the estate of Frank Sumrall, Sr.[5] As with Comfort and Windham, the Plaintiff has done nothing to delineate which particular acts or omissions were done by or at the direction of Worrell and Sumrall. Because neither the alleged facts nor the evidence submitted form a

---

[5] The Complaint does not make any allegations against the estate of Frank Sumrall, Sr., but instead asserts that "Frank Sumrall is an adult resident of Jones County, Mississippi." Pl.'s Amend. Compl. ¶ 7 (Apr. 23, 2007).

reasonable basis for predicting that the Plaintiff might recover against either estate, both are improperly joined.

Keith Worrell, Jr. died on February 26, 2001. The Defendants have submitted a copy of the sealed chancery court record of Worrell's estate. Def.'s Ex. F (Aug. 17, 2007). According to court records, his estate was opened on April 5, 2001. *Id.* After it was duly administered, the estate was closed on September 9, 2001. *Id.* All assets have been distributed, and the estate has ceased to exist as a legal entity. *Id.*

Frank Sumrall, Sr. died on December 31, 2001. The Defendants have submitted a copy of the sealed chancery court record of Sumrall's estate. Def.'s Ex. G (Aug. 17, 2007). According to court records, his estate was opened on March 14, 2002. *Id.* After it was duly administered, the estate was closed on July 31, 2002. *Id.* All assets have been distributed, and the estate has ceased to exist as a legal entity. *Id.*

The accident for which the Plaintiff is asserting liability occurred on April 24, 2004, more than two years after the deaths of both Sumrall and Worrell. The Plaintiff has given no explanation nor offered any set of facts under which either Sumrall or Worrell could have been liable to him during their lifetimes. The Plaintiff has also failed to offer any evidence or argument in response to the chancery records submitted by the Defendants. Because the accident in question did not occur until long after the estates of Sumrall and Worrell were closed, there is no way in which either estate could have become liable to the Plaintiff. Neither estate was in existence at the time of the accident, and the estate of the decedent in this action could not have become a creditor to either Sumrall or Worrell's respective estates. The Court can see no reasonable possibility of recovery against either estate under applicable Mississippi law, and

hence the residency of both the decedents and their estates can be disregarded for jurisdictional purposes and the instant motion to remand.

## CONCLUSION

The doctrine of fraudulent or improper joinder prevents a plaintiff from frustrating a diverse defendant's removal to the federal forum through improper tactics.  In the instant case, two executives at Clear Channel Broadcasting and two deceased individuals were joined for the purpose of defeating diversity jurisdiction.  Because the Plaintiff has no reasonable possibility of recovering against Mike Comfort, Kenny Windham, the estate of James Worrell, Jr., or the estate of Frank Sumrall, Sr., the Court finds that they are improperly joined.  The remaining Defendants Clear Channel Broadcasting, Cumulus Media, and SBA Tower are therefore sufficiently diverse to permit this Court to exercise jurisdiction pursuant to 28 U.S.C. § 1332(a).

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion to remand [# 5] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the motion for leave to file supplemental briefing [# 17] is **denied as moot**.

SO ORDERED AND ADJUDGED on this, the 18th day of January, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE